IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Demetrius Crawley, | ) |
| | ) Case No. 11 C 50308 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| City of Rockford, et al., | ) |
| | ) Judge Philip G. Reinhard |
| Defendants. | ) |

## ORDER

For the reasons stated below, defendants Rebecca Anderson, Joshua Arthur, Michael Dalke, Matthew Gibbons, Andrew Hooper, Elizabeth Hughes, Benjamin Johnson, Christopher Jones, Jeffrey Oberts, Scott Olson, Carla Redd, Jeffrey Schroder, Vernon Sims, Darin Spades, Bradley Walker, and the City of Rockford's motion for summary judgment [31] is granted. The cause is dismissed in its entirety.

## STATEMENT-OPINION

On October 18, 2011, plaintiff Demetrius Crawley filed a six-count complaint against the City of Rockford, and Rockford Police Officers Rebecca Anderson, Joshua Arthur, Michael Dalke, Matthew Gibbons, Andrew Hooper, Elizabeth Hughes, Benjamin Johnson, Christopher Jones, Jeffrey Oberts, Scott Olson, Carla Redd, Jeffrey Schroder, Vernon Sims, Darin Spades, and Bradley Walker (collectively "defendants"). *See* [1] at 2-3. In his complaint, plaintiff alleges defendants are liable under 42 U.S.C. § 1983 for false arrest (count I), illegal search and seizure, (count II), conspiracy (count III), and failure to intervene (count IV). He also asserts two state law claims for malicious prosecution (count V) and indemnification (count VI). All of plaintiff's claims relate to his arrest and subsequent criminal proceedings that occurred in August 2010.

The complaint states that in the early morning hours of August 19, 2010, Rockford Police Officer Andrew Harper heard a gunshot near a bar in Rockford, Illinois. *See* [1] ¶¶ 5-7. Allegedly, Officer Harper spoke with multiple bystanders near the bar to try and discover who was responsible for the gunshot. Plaintiff claims Harper was given different descriptions from different bystanders regarding what color shirt the individual was wearing. *See id.* ¶¶ 9-11. The complaint states that Harper eventually spoke with a bystander who informed him that he overheard an African-American male wearing a white T-shirt state that he either possessed a firearm or was going to retrieve his firearm. The bystander provided Officer Harper the license

1

plate number and a description of the vehicle he observed the African-American male enter. Officer Harper relayed this information to dispatch. *Id.* ¶ 12.

Shortly thereafter, plaintiff claims Rockford Police Officer Vernon Sims conducted a felony traffic stop on the vehicle with the same license plate number the bystander had provided. Plaintiff alleges Officer Sims was assisted by Officers Harper, Anderson, Arthur, Dalke, Johnson, Jones, Oberts, Schroder, Walker, Redd, Olson, Gibbons, and Hughes in conducting the stop. *Id.* ¶ 14.

The complaint states that plaintiff was in the vehicle along with three other individuals, including a woman named Angela Box. *Id.* ¶ 15. Plaintiff claims that he and the rest of the individuals in the vehicle were compliant and cooperative during the traffic stop and each provided oral statements.

After plaintiff and the other individuals in the vehicle provided their statements, the officers obtained consent to conduct a search of the vehicle. *Id.* ¶ 18. The complaint states the officers recovered a firearm located in the glove compartment and a clip with ammunition located in the back of the vehicle. Plaintiff alleges that at this time all of the occupants in the vehicle denied that the firearm had been discharged prior to the stop. *Id.* ¶ 19. Despite their statements, plaintiff alleges that Officer Harper's supplemental report indicated that Harper had spoken with all of the occupants in the vehicle and it was determined that "Box had fired the rounds . . . [.]" *Id.* ¶ 20. The complaint continues stating that even though Harper's report named Box as the shooter, the officers decided to arrest plaintiff. *Id.* ¶ 21.

As a result of the arrest, plaintiff was charged and indicted for the felony of aggravated unlawful use of weapon and reckless discharge of a firearm. Ultimately, the charges were dismissed voluntarily by the Winnebago County State's Attorney's Office. *See id.* ¶¶ 24-28.

These allegations form the basis of plaintiff's claims. He brings four claims under Section 1983 against all defendants for false arrest, illegal search and seizure, failure to intervene, and conspiracy. He also sets forth two state law claims for malicious prosecution and indemnification.

The parties have engaged in fact discovery and defendants have moved for summary judgment. Defendants argue that summary judgment should be entered in their favor because there was probable cause to arrest and charge plaintiff for the aforementioned crimes. Plaintiff has failed respond to defendants' motion.

On summary judgment, the court construes all facts and draws all inferences in the light most favorable to the non-moving party. *Schepers v. Commissioner, Indiana Dept. of Corrections,* 691 F.3d 909, 913 (7th Cir. 2012). The court does not weigh evidence or determine the credibility of witness testimony. *O'Leary v. Accretive Health, Inc.,* 657 F.3d 625, 630 (7th Cir. 2011). Instead, the court only grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). However, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Prior to discussing the merits of defendants' motion, the court notes the effect plaintiff's lack of response has on the court's analysis. Plaintiff, who is represented by counsel, had until

2

February 10, 2014 to file a response brief. To date, he has failed to do so. The court acknowledges that plaintiff's failure to respond does "not automatically result in judgment for the [defendants.]." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012). Instead, defendants "must still demonstrate that [they are] entitled to judgment as a matter or law." *Id.* (citing *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006)).

Defendants argue that plaintiff's lack of response requires the court to deem those facts set forth in defendants' Local Rule 56.1 statement admitted. *See* [34] at 1. However, the court will only deem those facts admitted "to the extent that [defendants'] statement[s] [are] supported by evidence in the record." *Keeton*, 667 F.3d at 884; *see also Nautilus Ins. Co. v. Ricciardi Dev., LLC*, No. 11-C-06126, 2012 WL 5471091 at *1 (N.D. Ill. Nov. 9, 2012). Moreover, the court still must construe defendants' facts in the light most favorable to plaintiff and draw all reasonable inferences in his favor. *See Tebbens v. Mushol*, 692 F.3d 807, 815 (7th Cir. 2012) (citations omitted).

It is with this standard that the court proceeds to the merits of defendants' motion for summary judgment. Essentially, defendants contend that all of plaintiff's claims fail because the defendant officers had probable cause to arrest plaintiff and because plaintiff has failed to demonstrate an absence of probable cause. The court agrees.

**A. Count I: False Arrest**

Defendants argue plaintiff's false arrest claim fails as a matter of law because defendants had probable cause to arrest plaintiff on August 19, 2010. As support, they point to the information the one bystander provided Officer Harper, specifically noting the vehicle description, license plate number, and a physical description of plaintiff as a large African-American male who he heard say had a gun. They also point to the statement of a second bystander. The second bystander told Harper he heard a gunshot, and observed "a large black male wearing a white t-shirt" get into the same vehicle the first bystander identified. [33] ¶ 38. The second bystander also stated that a .380 shell casing was located exactly where the bystander observed the vehicle drive away. *See id.* Defendants also reference the fact that they recovered a "Cobra .380 firearm in the glove compartment of the suspect vehicle and a .380 magazine in the rear console[,] which was near where the plaintiff was seated in the car" and that plaintiff admitted that the firearm and magazine clip belonged to him. *See* [32] at 4-5; [33] ¶ 40. It is defendants' position that this evidence establishes probable cause.

"To prevail on his constitutional claim for false arrest [plaintiff] must show there was no probable cause for his arrest." *Williams v. City of Chicago*, 733 F.3d 749, 756 (7th Cir. 2013) (citations omitted). The Seventh Circuit instructs that "[p]robable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest." *See id.* (quoting *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006)). When determining whether probable cause existed at the time of an arrest the courts must make an objective inquiry. *See Carmichael v. Vill. of Palatine, Ill.*, 605 F.3d 451, 457 (7th Cir. 2010). The court should "step[] into the shoes of a reasonable person in the position of the officer[,] and examine the totality of the circumstances." *Williams*, 733 F.3d at 756. The court does not evaluate a probable cause determination with the benefit of hindsight. Instead, it must examine "the facts as they appeared to a reasonable persons in the defendant[s'] position, even if that reasonable belief turns

3

out to be incorrect." *Stokes v. Bd. of Educ. of the City of Chicago*, 599 F.3d 617, 622 (7th Cir. 2010).

A police officer may properly conclude probable cause exists based "on information from a single putative victim or eyewitness if the officer reasonably believes that victim [or eyewitness] is telling the truth." *Zitzka v. Vill. of Westmont*, 743 F. Supp. 2d 887, 908 (N.D. Ill. 2010) (citing *McBride v. Grice*, 576 F.3d 703, 706 (7th Cir. 2009)). However, if the witness's "information would lead a reasonable officer to be suspicious, the officer has a duty to pursue reasonable avenues of investigation and may not close his or her eyes to facts that would clarify the situation." *Id.*

After reviewing the record in the instant case, the court finds the defendant officers reasonably relied upon the information the bystanders provided, Officer Sims provided, and the information in Dalke's affidavit in which he stated plaintiff admitted the .380 Cobra and the .380 magazine clip belonged to him.

In his deposition, plaintiff admitted that on August 19, 2010, he left the bar in question in the same vehicle he came in and this was the same vehicle two bystanders identified and the same vehicle defendants pulled over for a felony traffic stop. *See* [33-1] at 39. Plaintiff also testified that he was seated in the back seat of the vehicle behind the passenger seat (near the location where Officer Sims noticed the .380 magazine clip in plain view prior to conducting a search of the vehicle). *See id; see also* [33-2] at 55-56.

Defendant Sims testified that Officer Harper dispatched information that he heard a gunshot. Sims was driving near the location Harper provided and noticed a commotion in front of the bar. *See* [33-2] at 26. Sims testified that he observed a "person that had been escorted from the scene, the black male who later was determined to be [plaintiff], taking his shirt off and getting in the back seat . . . of the car that [Sims] ultimately stopped." *See id.* at 26-27. Sims also provided testimony that he obtained consent to search the vehicle and after doing so, discovered a Cobra .380 handgun in the glove compartment of the vehicle. *See* [33-2] at 58.

Officer Christopher Jones testified that he was present for the traffic stop and his handcuffs were used to arrest plaintiff. See [33-4] at 17-19. Jones further explained that he Mirandized plaintiff and after doing so learned that the Cobra .380 handgun and magazine clip found in the vehicle belonged to plaintiff. *See id.* at 23; 30.

In his affidavit, Officer Dalke averred that the Cobra .380 handgun recovered from the vehicle had one single spent shell casing lodged in the ejection port and a .380 shell casing was located near the location the bystander observed the vehicle drive away. *See* [33-3] at 2.

All this evidence, taken together, causes the court to conclude that "no reasonable juror would find that the officers lacked probable cause to arrest [plaintiff]." *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1014 (7th Cir. 2006). As such, the court finds the defendant officers have provided sufficient evidence to establish probable cause to arrest plaintiff for a state firearms charge.

Moreover, plaintiff has not challenged any of the aforementioned testimony. Indeed, he has failed to offer any direct evidence to establish an absence of probable cause. In fact, the only evidence the court has which even remotely implies an absence of probable cause is plaintiff's testimony that he thought he overheard an officer say that he believed someone else in the vehicle had been the shooter. *See* [33-1] at 62-64. This is insufficient to establish an absence of

4

probable cause. Because of this, and because it is plaintiff who bears the burden of proving that defendants lacked probable cause to arrest, the court finds summary judgment appropriate and grants all defendants summary judgment on count I. *See McBride*, 576 F.3d at 706 (reiterating that "a plaintiff claiming that he was arrested without probable cause carries the burden of establishing the absence of probable cause.").

**B. Count II: Unconstitutional Search and Seizure**

Count II of plaintiff's complaint alleges that defendants are liable under Section 1983 because plaintiff "was seized and searched by one or more of the individual Defendant Police Officers in a manner which violated the Fourth Amendment." [1] ¶ 35. While it is not entirely clear how count II differs from count I, the court will undergo a second analysis for the sake of completeness.

First, the court notes that a false arrest claim under Section 1983 is analogous to a claim of illegal seizure under Section 1983. *See generally Padilla v. City of Chicago*, 932 F. Supp. 2d 907, 921 (N.D. Ill. 2013) (stating that the Fourth Amendment right against unreasonable seizure is violated when an individual is arrested without probable cause). Both claims undoubtedly require an absence of probable cause. *See id.* Because the court has already determined that plaintiff has failed to establish that probable cause for his arrest was lacking, the court finds summary judgment appropriate as to count II to the extent it is intended to set forth an illegal seizure claim.

If count II is intended to constitute a separate claim for an illegal search in violation of the Fourth Amendment, the claim also fails. As the court stated above, defendant Sims testified that he obtained written consent to search the vehicle prior to conducting a search. *See* [33-2] at 56. Plaintiff has not offered any evidence or argument to contradict this testimony. As such, the court does not find plaintiff can sustain an illegal search claim as it relates to the search of the vehicle prior to his arrest. *See generally Cardenas v. City of Chicago*, No. 08-C-2452, 2010 WL 2609866 at *3 (N.D. Ill. June 25, 2010) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973)) (explaining that the courts have accepted a few specific exceptions to the Fourth Amendment's warrant rule, "including when entry is made with voluntary consent").

Finally, if plaintiff intended count II to set forth an illegal search claim based upon the fact that the defendant officers searched his person without probable cause, this claim is meritless. It is well established that a search incident to an arrest falls within the confines of the Fourth Amendment. *See generally United States v. Robinson*, 414 U.S. 218, 227 (1973). Plaintiff has failed to allege any facts which suggest that defendants conducted a search on his person after he was arrested that exceeded the "relatively extensive exploration of the person." *Id.* Accordingly, the court grants defendants summary judgment on count II.

**C. Count III: Conspiracy**

Plaintiff also asserts that defendants are liable under 42 U.S.C. § 1983 for civil conspiracy. *See* [1] at 9. He alleges that defendants "had an agreement amongst themselves to unlawfully detain [him] of his constitutional rights" and each "committed overt acts" to "intentionally" deprive him of his constitutional rights. *See id.* Other than these conclusory allegations, plaintiff has not offered any evidence or argument to support his claim.

5

"To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 304-05 (7th Cir. 2011). An agreement can be inferred from "circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305. "[V]ague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's burden at summary judgment." *Cooney v. Casady*, 735 F.3d 514, 519 (7th Cir. 2013).

Here, plaintiff has failed to provide the court any evidence - direct or circumstantial - regarding the existence of a conspiracy or an implied agreement among any of the defendant officers. Instead, the court is left with only the allegations in plaintiff's complaint. This is simply insufficient to survive summary judgment. *See id.* Accordingly, the court grants defendants summary judgment on count III.

**D. Count IV: Failure to Intervene**

Count IV alleges defendants are liable under Section 1983 for their failure to intervene. Plaintiff claims the defendant officers "had a reasonable opportunity to prevent the violation of [plaintiff's] [c]onstitutional [r]ights . . . but each failed to do so." [1] at 10. Aside from this allegation, plaintiff has failed to provide any argument or evidence to support his claim.

"Failure to intervene liability arises when an officer had a reason to know that a constitutional violation was committed and had a realistic opportunity to intervene to prevent the violation, but did not." *Beaman v. Souk*, No. 10-C-1019, 2014 WL 31810 at *17 (C.D. Ill. Jan. 3, 2014) (citing *Yang v. Hardin*, 37 F.3dd 282, 285 (7th Cir. 1994)). An essential part of finding a failure to intervene is finding a constitutional violation occurred. *See id.* (citing *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005)).

Based on the record here, the court is unable to conclude plaintiff's constitutional rights were violated. As mentioned above, plaintiff has failed to establish the defendant officers lacked probable cause with respect to plaintiff's arrest and subsequent criminal proceedings. It therefore follows that none of the defendant officers can be liable for failing to intervene. Accordingly, the court grants defendants summary judgment on count IV.

**E. Count V: Malicious Prosecution[1]**

Count V of the complaint sets forth a state law claim for malicious prosecution. Plaintiff alleges he was "improperly subjected to judicial proceedings" because there was no probable cause and also claims that these proceedings were "continued maliciously . . . and terminated in

---

[1]Despite the fact that the court has dismissed plaintiff's federal claims, the court will exercise supplemental jurisdiction and address plaintiff's remaining state law claims because the remaining state claims are not overly complex and do not raise novel claims best left for the state court. Moreover, the court finds the interests of judicial economy are best served to dispose of all plaintiff's claims. *See Hansen v. Bd. of Trs. Of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 608 (7th Cir. 2008) (finding that it is appropriate for the court to retain jurisdiction over pendent state law claims if it is in the interests of "judicial economy, fairness, and comity.").

[plaintiff's] favor . . ." [1] at 10. Defendants claim summary judgment is warranted because plaintiff has failed to demonstrate an absence of probable cause.

In Illinois, to establish a claim for malicious prosecution a plaintiff must establish "(1) the commencement or continuance or an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceedings; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009) (citing *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996)). "The absence of any one of these elements bars a plaintiff from pursuing the claim." *Id.*

As mentioned above, plaintiff has failed to show an absence of probable cause. In addition to this, plaintiff has not demonstrated that the defendant officers acted with malice. The only support he provides to establish that the defendant officers acted with malice are the allegations in his complaint. *See* [1] at 10 -11. This is insufficient to survive summary judgment. *See Williams*, 733 F.3d at 760 (stating that to defeat summary judgment on a state law malicious prosecution claim, a plaintiff is required to come forward with evidence that would "permit a reasonable inference of malice."). As such, the court grants defendants summary judgment on count V.

**F. Indemnification**

Plaintiff's final claim is a state law claim for indemnification. Essentially, the complaint alleges that the City of Rockford is liable for any monetary judgment plaintiff may be awarded because the defendant police officers were employees of the City of Rockford and were acting within the scope of their employment when they committed the alleged misconduct. *See* [1] at 11. Because the court has determined that all of plaintiff's claims fail as a matter of law, any issue concerning indemnification is moot. Accordingly, the court grants defendants summary judgment on count VI.

For the reasons above, defendants Rebecca Anderson, Joshua Arthur, Michael Dalke, Matthew Gibbons, Andrew Hooper, Elizabeth Hughes, Benjamin Johnson, Christopher Jones, Jeffrey Oberts, Scott Olson, Carla Redd, Jeffrey Schroder, Vernon Sims, Darin Spades, Bradley Walker, and the City of Rockford's motion for summary judgment [31] is granted. The cause is dismissed in its entirety.

Date: 3/7/2014          ENTER:

United States District Court Judge

Electronic Notices (LC)